IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,757 & 74,758






EX PARTE WENDELL KEITH WHITE







ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HARRIS COUNTY






 Keller, P.J., filed a concurring opinion in which COCHRAN, J., joined.


CONCURRING OPINION 



 We held in Sanchez that the Texas Constitution bars the use against a defendant of his post-arrest,
pre-Miranda silence. (1) I believe that this case is not controlled by Sanchez because applicant was not silent
after he was arrested; he told the officers that he had been home all evening. His strategy at trial was to
admit that he had been at the bar but persuade jurors that he did not know he had run over the victims. 
His testimony was to that effect. It was not counsel's questions, but applicant's trial strategy and his
testimony that opened the door to cross-examination about what he did and did not say after his arrest. (2)

 The habeas court found that trial counsel's most significant error was the invitation to comment on
applicant's post-arrest silence. The Court assumes without deciding that this conduct was deficient, but
holds that applicant fails to show harm. I would, instead, hold that the conduct was not deficient.

 With these comments, I join the Court's opinion.


 KELLER, Presiding Judge

Date filed: September 29, 2004

Publish
1. Sanchez v. State, 707 S.W.2d 575 (Tex. Crim. App. 1986).
2. See, e.g., Anderson v. Charles, 447 U.S. 404, 409 (1980); Szmalec v. State, 927 S.W.2d
213, 217 (Tex. App. - Houston [14th Dist.] 1996, pet. ref'd.); Bell v. State, 867 S.W.2d 958, 962
(Tex. App. - Waco [14th Dist.] 1994, no pet.)
.